SUMMARY ORDER
Plaintiff-Appellant Paulina DeMarco appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.) granting summary judgment to Defendants-Appel-lees and dismissing DeMarco’s claims. DeMarco alleged that defendants discriminated against her on the basis of her sex and pregnancy when Defendant Stony Brook Clinical Practice and Management Plan (“CPMP”) decided not to hire her. She alleged also that defendants failed to hire her in retaliation for engaging in the protected activity of filing an employment discrimination lawsuit against her former employer. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
Both DeMarco’s discrimination and retaliation claims are analyzed using the burden-shifting paradigm articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir.1996) (retaliation claims); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir.1995) (pregnancy discrimination claims).
*653 With regard to plaintiffs pregnancy discrimination claim, the district court concluded that DeMarco was not qualified for the data analyst position because she had intentionally deceived CPMP regarding her recent employment history; the district court concluded therefore that De-Marco failed to make out a prima facie case of discrimination. We find sufficient evidence in the record for the question of DeMarco’s qualification to be submitted to a jury. Even if the undisputed facts indicate that DeMarco intentionally deceived CPMP, it does not necessarily follow that she is not qualified for the position, see Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 172 (2d Cir.2006) (noting that even if an employer could legitimately determine that the employee’s conduct was unacceptable, “these considerations go to the employer’s ability to rebut a prima facie case ..., not to the showing of the prima facie case itself.”); DeMarco might nonetheless “possess[] the basic skills necessary for performance of the job.” Id. at 171. Summary judgment on this ground was therefore inappropriate.
Because the evidence in the record could support a jury’s finding that DeMarco had established a prima facie case of discrimination, and the district court properly determined that DeMarco made out a prima facie case of retaliation, the burden shifts to CPMP to provide a lawful reason for its decision not to hire DeMarco. CPMP has discharged this burden by asserting that it did not hire DeMarco based on her conduct during the application process. Thus, to avoid summary judgment, DeMarco must adduce evidence that could support a jury’s finding that “the legitimate reasons offered by the defendant were not its true reasons, but were a pretext.” Reeves v. Sanderson Plumbing Prod. Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Accord Holcomb v. Iona Coll, 521 F.3d 130, 141 (2d Cir.2008) (discrimination); Reed, 95 F.3d at 1181 (retaliation).
Drawing all reasonable inferences in DeMarco’s favor, the evidence could support a jury’s conclusion that CPMP decided not to hire her either because of her pregnancy or because of her lawsuit. Specifically, this conclusion could be based on the evidence (1) that Research Foundation’s Assistant Vice President for Human Resources suggested that CPMP could employ DeMarco as a data analyst briefly, despite knowing of her alleged dishonesty; (2) that Darren Mikalsen, one of the supervisors for the data analyst position, upon learning of DeMarco’s prior employment, told DeMarco that it would not be a problem; and (3) that CPMP back-dated documents indicating that DeMarco had poor references. Thus, summary judgment was not appropriate.
Accordingly, for the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED.